UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                                  File No.  1:05-CR-18

v.

                                                  HON. ROBERT HOLMES BELL

ROBERT WILLIS,

       Defendant.
                                           /

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the government's motion in limine to allow it to introduce evidence of controlled substances that have been inadvertently destroyed in conformity with a regular and customary police practice.

On February 8, 2005, a first superseding indictment was returned charging Defendant Willis and four co-defendants in a conspiracy to distribute crack cocaine from July 2004, through November 2004. The government contends that Defendant Willis went into hiding. In any event, Defendant Willis did not make his initial appearance in federal court until October 12, 2005, after all four of his co-defendants had been arrested, convicted, and sentenced.

At trial the government intends to introduce evidence of crack cocaine obtained during a controlled purchase from Defendant on July 13, 2004. The government advises that the crack cocaine was submitted for laboratory analysis, that the lab confirmed the drugs were

crack cocaine, and that the lab issued a report and returned the drugs to the Grand Rapids Police Department. At some point prior to Defendant Willis' arrest, the government advises that Grand Rapids Police Officer Kurt Hintz marked the crack cocaine for destruction because he was unaware that the government still intended to use them as evidence in any trial. The drugs were in fact destroyed. Accordingly, the government intends to introduce the testimony of various law enforcement officers and to introduce the lab reports in lieu of the crack cocaine itself. The government contends that any objection Defendant might raise to the introduction of this evidence will be without merit.

The failure to preserve potentially useful evidence does not constitute a denial of due process of law unless a criminal defendant can show bad faith on the part of the police. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). The pretrial destruction of evidence does not raise an issue of constitutional magnitude unless the evidence had some apparent exculpatory value and the defendant has no other way to obtain comparable evidence. *California v. Trombetta*, 467 U.S. 479, 489 (1984). *See also United States v. Allen*, 954 F.2d 1160, 1168-69 (6th Cir. 1992) (finding no due process violation based upon pretrial destruction of drug evidence where there was no showing of bad faith).

The government contends that there can be no showing of bad faith in this case because the evidence was destroyed in a good faith belief that the evidence was not needed for a pending trial. The government also contends that the evidence was not exculpatory in nature because testing confirmed that the substance was crack cocaine.

While the government is correct in its presentation of the applicable law, the Court cannot rule on this issue without any evidence before it regarding the drug testing or the reasons the evidence was destroyed. Defendant must have an opportunity to present evidence of bad faith. Accordingly, the government's motion will be denied without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that the government's motion in limine (Docket # 160) is **DENIED WITHOUT PREJUDICE**.

Date:   March 14, 2006            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE