UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

                 File No.  1:05-CR-18

v.

                 HON. ROBERT HOLMES BELL

ROBERT WILLIS,

   Defendant.
                /

## **MEMORANDUM OPINION AND ORDER**

   This matter is before the Court on Defendant Robert Willis' motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

   On March 14, 2006, a jury found Defendant guilty of distribution of cocaine base, distribution of cocaine base within 1,000 feet of a school, and being a felon in possession of a firearm.  (Dkt. No.  176, Jury Verdict).  Defendant was sentenced to 224 months in prison. (Dkt. No. 181, J. of 6/13/2006).  Defendant's conviction and sentence were affirmed on appeal.  (Dkt. No. 205, *United States v. Willis*, No. 06-1872, slip op. (6th Cir. Mar. 22, 2007).)

   A court is generally prohibited from modifying a term of imprisonment once it has been imposed,  subject to certain narrowly drafted exceptions.  18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . . . "). Defendant relies on the exception found at 18 U.S.C. § 3582(c)(2).  Section 3582(c)(2)

empowers a district court to modify a prisoner's sentence that would otherwise be final. *United States v. Peveler*, 359 F.3d 369, 374 (6th Cir. 2004). Section 3582(c)(2) authorizes a court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if a reduction would be consistent with the applicable policy statements in the guidelines. 18 U.S.C. § 3582(c)(2).[1] Amendments to the guidelines which have been given retroactive effect and which thus permit a defendant to seek relief under § 3582(c)(2) are listed in U.S.S.G. § 1B1.10(c). *United States v. Dullen*, 15 F.3d 68, 69-70 (6th Cir.1994); *United States v. Jackson*, 108 F. App'x 338, 340 (6th Cir. 2004) (unpulished); *United States v. Smith*, 88 F. App'x 71, 72 (6th Cir. 2004) (unpublished).

Defendant relies on two amendments to the Sentencing Guidelines in support of his motion for reduction of sentence: Amendment 433 and Amendment 484. Both of these amendments are listed as having been given retroactive effect in U.S.S.G. § 1B1.10(c).

---

[1] The statute provides in pertinent part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3552(c)(2).

However, the effective dates of these amendments were November 1, 1991, and November 1, 1993. U.S.S.G. App'x C, Vol. I at 304, 380. Thus, both amendments were effective prior to Defendant's sentencing in 2006. Section 3582(c)(2) only allows a modification of a sentence based on a reduction in the sentencing range **subsequent** to sentencing. Because Amendments 433 and 484 were not adopted **subsequent** to Defendant's sentencing, they do not authorize a sentence reduction pursuant to § 3582(c)(2). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Robert Willis' motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. No. 213) is **DENIED**.

Date:   December 3, 2007           /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE