UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        File No.  1:05-CR-18

        HON. ROBERT HOLMES BELL

ROBERT WILLIS,

        Defendant.

        _____/

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Robert Willis's motion for modification of sentence pursuant to 18 U.S.C. §§ 3582, 3553(a), and 3742 (Dkt. No. 231), and motion for new trial (Dkt. No. 232).

Defendant's motion for modification of sentence is based upon his contention that the Court improperly sentenced him as an armed career criminal in violation of Amendment 433 to the United States Sentencing Guidelines.

In the absence of an express statute or rule to the contrary, a district court does not have jurisdiction to reconsider or modify a term of imprisonment. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). The primary statute Defendant relies on in support of his motion is 18 U.S.C. § 3582. A court is authorized to reduce a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's sentence was based on a sentencing range that has "subsequently" been lowered by the Sentencing Commission.

The effective date of Amendment 433, the amendment Defendant relies on, was November 1, 1991. Defendant was sentenced on June 13, 2006. (Dkt. No. 181.) As this Court held in response to Defendant's previous motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. No. 215, 12/03/2007 Mem. Op. & Order), because Defendant was sentenced after Amendment 433 was already in effect, Amendment 433 cannot serve as the basis for a motion for modification of sentence under 18 U.S.C. § 3582(c)(2).

Neither do the other statutes cited by Defendant provide a basis for modification of his sentence. Section 3553(a) merely addresses factors to be considered in imposing a sentence. It does not authorize resentencing. Section 3742 addresses appeals and resentencing on remand. Section 3742 does not apply because Defendant's conviction and sentence were affirmed on appeal and were not remanded for resentencing. (Dkt. No. 205, Copy of Order entered in *United States v. Willis*, No. 06-1872, 6th Cir. Mar. 22, 2007.) Accordingly, Defendant has not shown that there is a jurisdictional basis for modifying his sentence.

Defendant has also filed a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure raising issues of probable cause, jurisdiction, and fraud upon the court. Defendant does not contend that his motion is based on newly discovered evidence. A motion for new trial that is not grounded on newly discovered evidence must be filed within seven days after the verdict or finding of guilt. Fed. R. Crim. P. 33(b)(2). Defendant's motion is not timely. Even if Defendant's motion could be construed as relying on newly discovered evidence, Defendant has not made the requisite showing. As this Court

explained in its order denying Defendant's previous motion for new trial (Dkt. No. 208, 06/05/2007 Order), a defendant who makes a motion for a new trial based on newly discovered evidence must show that:

> (1) the evidence was discovered after the trial, (2) it could not have been discovered earlier with due diligence, (3) it is material and not merely cumulative or impeaching, and (4) it would likely produce an acquittal if the case was retried.

*United States v. Turns*, 198 F.3d 584, 586-87 (6th Cir. 2000).  Defendant has not attempted to make this showing.  Moreover, here, as in Defendant's previous motion for new trial (Dkt. No. 202), Defendant's assertions regarding the use of perjured or tainted testimony are based upon alleged conflicts between trial testimony and grand jury and Jencks Act materials. Defendant has not alleged the discovery of any evidence that was not available to him at the time of trial or that could not have been discovered earlier with due diligence.  Defendant's motion accordingly does not qualify as a motion based upon newly discovered evidence. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for modification of sentence pursuant to 18 U.S.C. §§ 3582, 3553(a) (Dkt. No. 231) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for new trial (Dkt. No. 232) is **DENIED**.


Date:   April 3, 2009             /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE